UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 05-CV-11164-RWZ

NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC. d/b/a NEXTEL COMMUNICATIONS,

    Plaintiff

v.

THE TOWN OF STOUGHTON, MASSACHUSETTS, THE ZONING BOARD OF APPEALS OF THE TOWN OF STOUGHTON, MASSACHUSETTS, and ORLANDO DiGIAMPIETRO, STEVEN MITCHELL, SHERMAN EPRO and RICHARD ROMANICK, in their capacities as Members of the Town of Stoughton Zoning Board of Appeals,

    Defendants

ANSWER

The Defendants, the Town of Stoughton, Massachusetts, the Zoning Board of Appeals of the Town of Stoughton, Massachusetts, and Orlando DiGiampietro, Steven Mitchell, Sherman Epro, and Richard Romanick, in their capacities as members of the Town of Stoughton Zoning Board of Appeals, hereby answer Plaintiff's Complaint as follows:

1. Defendants deny that the refusal was unreasonable; Defendants admit the remainder of the allegations contained in paragraph 1 of the Complaint.

2. Deny.

3. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint; to the extent a response is required, the allegations in paragraph 3 are denied.

4. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint; to the extent a response is required, the allegations in paragraph 4 are denied.

5. Admit.

6. Admit.

7. Admit.

8. Paragraph 8 of the Complaint contains conclusions of law for which no answer is required.

9. Paragraph 9 of the Complaint contains conclusions of law for which no answer is required.

10. Paragraph 10 of the Complaint contains conclusions of law for which no answer is required.

11. Paragraph 11 of the Complaint contains conclusions of law for which no answer is required.

12. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint; to the extent a response is required, the allegations in paragraph 12 are denied.

13. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint; to the extent a response is required, the allegations in paragraph 13 are denied.

14. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint; to the extent a response is required, the allegations in paragraph 14 are denied.

15.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint; to the extent a response is required, the allegations in paragraph 4 are denied.

16.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences of paragraph 16 of the Complaint; to the extent a response is required, the allegations in the first and second sentences of paragraph 16 are denied. Defendants admit the allegations set forth in the third sentence, except that Stoughton does not have a zoning "ordinance"; it has a Zoning Bylaw.

17.  Admit.

18.  Admit.

19.  Defendants admit that evidence was submitted; and further answering, Defendants deny that the evidence "demonstrated" the fact alleged.

20.  Deny.

21.  Defendants admit that the application was denied. Defendants deny the characterization in the first sentence. Defendants admit the allegations set forth in the second sentence; and further answering, Defendants say that the Decision speaks for itself.

22.  Defendants incorporate their answers set forth in paragraphs 1–21 as if set forth fully herein.

23.  Deny.

24.  Deny.

25.  Defendants incorporate their answers set forth in paragraphs 1–24 as if set forth fully herein.

26. Defendants admit that other applications were approved, but deny all other allegations in paragraph 26.

27. Deny.

28. Deny.

29. Defendants incorporate their answers set forth in paragraphs 1–28 as if set forth fully herein.

30. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint; to the extent a response is required, the allegations in paragraph 30 are denied.

31. Deny.

## FIRST DEFENSE

At all times relevant hereto, the Defendants acted within their lawful authority and discretion.

TOWN OF STOUGHTON, ET AL.,

By their attorneys,

/s/ Brian W. Riley
Brian W. Riley (BBO# 555385)
Patricia A. Cantor (BBO# 072380)
Kopelman and Paige, P.C.
  Town Counsel
31 St. James Avenue
Boston, MA 02116-4102
(617) 556-0007

254930/STOU/0631

4